POLLOK and others *v.* LOUCHHEIM and others.

(*Circuit Court, N. D. Illinois.* November 21, 1883.)

JURISDICTION OF CIRCUIT COURT—RIGHT OF REMOVAL—SEPARATE CONTROVERSY.
    One of several attaching creditors joined the others as defendants in a suit to set aside certain judgments obtained against the debtor by confession. *Held,* that they were necessary parties to the controversy between the plaintiff and his debtor; and that, as they were citizens of the same state with the debtor, the cause could not be removed to the United States court.

In Equity.

*Flower, Remy & Gregory,* for complainants.

*Mr. Shehan* and *L. Schissler,* for defendants.

DRUMMOND, J.   On the twenty-seventh day of September last Louchheim was a merchant, engaged in business in Galena, in this state, and about that time three several judgments were rendered by confession in the circuit court of Jo Daviess county against him, in favor of different parties, amounting altogether to a little more than $15,-000, upon which executions issued and were levied by the sheriff upon a stock of goods in his possession. Shortly after this had taken place various creditors of Louchheim, including these plaintiffs, sued out attachments from the same court, which were also levied upon the same property by the sheriff, and thereupon the plaintiffs filed a bill in the same court against Louchheim, the sheriff, and the various creditors who had sued out the attachments. The bill alleged an indebtedness to them on the part of Louchheim, for which their attachment had issued, and declared that the judgments confessed by Louchheim were in whole or in part fraudulent as against the plaintiffs, and asked that a receiver should be appointed and the property sold, and the proceeds distributed in accordance with the equities of the parties. The plaintiffs in the bill were and are citizens of Wisconsin, the defendants are all citizens of Illinois except two, who are alleged to be citizens of New York. The bill was filed on the sixteenth of October, and an injunction issued in conformity with a prayer to that effect contained in the bill. On the twenty-fifth of October last the plaintiffs made application, under the act of 1875, for the removal of the case from the circuit court of Jo Daviess county to this court, which application, it is admitted, was refused by the court, and the plaintiffs now ask leave of this court to file a transcript and docket the case, on the ground that it was properly removable from the state court.

The principal objection made to this application is that the attaching creditors, who have been made defendants, are only nominal defendants, but are really plaintiffs, when they come to be arranged according to the principle laid down by the supreme court in *The Removal Cases,* 100 U. S. 457, on opposite sides of what is the real controversy in this case, without regard to the position they occupy in

the pleading as plaintiffs or defendants; and it is insisted that when so arranged the interests of the attaching creditors and of the plaintiffs in this bill are identical, and that, as some of them are citizens of the same state as the plaintiffs in the suits, upon which judgments by confession were entered, but who are defendants to this bill, consequently this court has no jurisdiction of the case. It is manifest, if this court takes jurisdiction of the suit, all the attachment suits brought by the various parties against Louchheim must necessarily come into this court for adjudication if the purpose of the bill is to be accomplished. The bill is not filed simply to remove the obstacles in the way of the prosecution of the attachment suits and the collection of judgments, which may be obtained therein, caused by the other judgments heretofore mentioned, rendered upon confession, but to take possession and dispose of all the property covered by the various executions and attachments already referred to. It is important, therefore, to ascertain whether this position of the defendants is well taken. The only allegation in the pleadings bearing upon this part of the case, and which is contained in the bill, is "that as to whether the respective sums for which said attachments issued are actually owing by the said Abram J. Louchheim to the above-mentioned firms, or as to whether the same, or any part thereof is now past due, your orators have no information, and make them defendants hereto for the purpose of determining such facts and of ascertaining whether or not they have liens prior to or equal with the lien of the attachment issued in favor of your orator, and for the purpose of determining and settling in this suit their respective rights and interests;" and in the prayer for relief, the bill requests "that the attachment creditors hereinbefore named, and each of them, be required to establish and show what, if anything, is due to them upon their claims against the said Abram J. Louchheim, and the nature and extent of their respective liens, if any they have." It is manifest, therefore, that in order to accomplish the object of the bill it was indispensable that the attachment creditors should be made parties; and the real question is whether, as the record now stands, they are really plaintiffs or defendants. It may be assumed from the allegations of the bill, if the judgments entered by confession are held to be valid, there will be little or nothing left for the attaching creditors, including the plaintiffs to this bill. It is not stated that the bill is filed as well for the benefit of the plaintiffs named therein as of the other attaching creditors, nor is it stated that any application was made to the latter to join these plaintiffs in the prosecution of the present bill; and so far as it now appears, if the plaintiffs shall prove the allegations of their bill and get rid in whole or in part of the judgments entered by confession, the result would operate for the benefit of the attaching creditors as well as of the plaintiffs to the bill, unless some special equity should be obtained by the plaintiffs, from the fact that they alone of the creditors have proceeded in chan-

cery for the purpose of removing the claims made under the judgments rendered by confession. It will be observed that the bill does not really make any controversy between these plaintiffs and the attaching creditors. It does not deny that the debts on which the attachments were issued were *bona fide* and properly enforceable at law. The bill simply alleges that the plaintiffs had no information as to whether the debts are owing or past due, and states that they are made parties for the purpose of ascertaining these facts; neither does it allege any priority of lien on the part of the plaintiffs over the attaching creditors, but says one of the objects of making them parties is to ascertain whether their liens are prior or equal to that of the plaintiffs. I think the case would have appeared much stronger in favor of the jurisdiction of this court if it had been stated that application had been made to these attaching creditors and they had declined to take part in these equitable proceedings instituted by the plaintiffs. It may be that they will insist, as for aught that I can see they may have the right to do, that they shall be made parties with the plaintiffs in the prosecution of this bill in equity, sharing with them in the labor and expense of the litigation. They would then be co-plaintiffs, and some of them would be citizens of Illinois, and therefore, citizens of the same state as some of the defendants.

As has been already stated, the allegations of the bill seem to require the settlement of any controversies which may exist between the attaching creditors and Louchheim. It desires the court to determine the amount of the debts, whether due, and the nature of the lien against the property. The substantial result of this is to decide all controversies between the attaching creditors and the principal debtor. There are here, therefore, nine suits at law between plaintiffs, all of whom, except the plaintiffs in this bill, are citizens of Illinois, against a defendant who is also a citizen of Illinois. The plaintiffs in this bill allege that they do not know what are the facts as to these claims; but the parties to those attachment suits do know, and have the right to insist, that they should be ascertained, if controverted, by a jury, because they are suits at law; and can the plaintiffs in this case deprive them of that right by filing this bill? As the case now stands, therefore, I cannot say that it clearly appears that the right of removal exists, but as the litigation has only just commenced, and this cause is not ready for trial, it may be that before the plaintiffs shall have lost the right to remove the case its *status* may change so as to present the question in a different phase.

On the record *now* there seems to be no substantial controversy between the plaintiffs and the attaching creditors, and for aught that appears the latter may have been made parties simply for the purpose of giving jurisdiction to this court, as it seems clear that if the plaintiffs shall obtain a decree upon their bill it will inure as well to the benefit of the attaching creditors as to the plaintiffs.

It should be stated that the frame of the bill and the question of

removal are to be applied to the first clause of the second section of the act of 1875, and not to the second clause, where there is a controversy existing between some of the parties, citizens of different states, which can be fully determined, as between them, irrespective of other parties and other controversies in the case.